UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZAPATA,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK DUCART, et al.,<br><br>    Defendants. | Case No. 17-cv-02557-EMC<br><br>**ORDER OF SERVICE**<br><br>Docket No. 1 |

## I. INTRODUCTION

Jose Zapata, formerly an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Mr. Zapata complains that he was denied a requested religious diet at Pelican Bay State Prison. He alleges the following in his complaint:

Mr. Zapata wanted to "participate in the kosher diet program to adhere to the tenants and practice of his sincere held beliefs deeply rooted in the Hebraic faith of the Old and New Testament scriptures. As a messianic jew,[,] the kosher diet was and is the only option compatiable with exercising [his] physical and spiritual dietary laws and requirements of eating pure/clean foods in accordance to [his] faith convictions." Docket No. 1 at 5-6 (errors in source).

On August 27, 2016, Mr. Zapata submitted a religious diet program request to the Muslim chaplain, who was unable to process the form because community resource manager Robert Losacco said it was not in his job description and it was the Jewish rabbi's duty to grant or deny such a request. *Id.* at 5. Rabbi Kreindler denied Mr. Zapata's request for a kosher diet, telling

1  Mr. Zapata on November 14, 2016 that he (Zapata) could not participate in the kosher diet

2  program "because he was not a real Jew practicing Judaism." *Id.* at 6.

3  Mr. Zapata filed an inmate appeal. Warden Ducart denied his inmate appeal at the second

4  level "on the basis that the RRC, the Religious Review Committee (a meeting Zapata contends did

5  not occur as prescribed by CDCR) was correct in its determination because Zapata failed to

6  provide sufficient answers why he should receive the kosher diet. Zapata denies such

7  contentions." *Id.* Appeals examiners M. Hodges and M. Voong denied Mr. Zapata's inmate

8  appeal at the third level.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The First Amendment guarantees the right to the free exercise of religion. In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). Inmates' religious freedoms also are protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a

2

rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA claim, the plaintiff-inmate must show that the government has imposed a substantial burden on his religious exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. Morgan Hill,* 360 F.3d 1024, 1034 (9th Cir. 2004).

Giving it the liberal construction to which it is entitled, the *pro se* complaint states cognizable claims for a violation of Mr. Zapata's First Amendment right to the free exercise of religion and for a violation of his rights under RLUIPA. The complaint adequately links Mr. Losacco, Rabbi Kreindler, warden Ducart, Mr. Hodges, and Mr. Voong to the claims based on their roles in denying his requests for a religious diet.

The potential liability of the defendants who allegedly reviewed and rejected the inmate appeal is under the First Amendment and RLUIPA, rather than under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). If a defendant only denied an inmate appeal about a religion problem that already had occurred and was complete (e.g., an exclusion of the inmate from a religious ceremony on a past date), there would be no liability for a constitutional violation; however, where the problem is an ongoing religious need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

## IV. CONCLUSION

1. The complaint, liberally construed, states cognizable claims against defendants Mr. Losacco, Rabbi Kreindler, warden Ducart, Mr. Hodges, and Mr. Voong for violations of Mr. Zapata's First Amendment religious freedom and RLUIPA rights.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants, who apparently are employed at Pelican Bay, unless otherwise noted:

- Robert Losacco (community resource manager)
- Jonathan Kreindler (rabbi)
- Clark Ducart (warden)
- M. Hodges (CDCR Office of Inmate Appeals in Sacramento)
- M. Voong (CDCR Office of Inmate Appeals in Sacramento)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **October 6, 2017**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **November 3, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 17, 2017**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

4

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, they are seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: August 8, 2017

_____
EDWARD M. CHEN
United States District Judge