UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZAPATA, <br> Plaintiff, <br> v. <br> CLARK DUCART, et al., <br> Defendants. | Case No. 17-cv-02557-EMC <br><br> **ORDER RE UNSERVED DEFENDANT AND DENYING REQUEST FOR COUNSEL** <br><br> Docket Nos. 9, 10 |

A.   Unserved Defendant Problem

The Court ordered service of process on five Defendants in this *pro se* prisoner's civil rights action. Four of the five Defendants have been served with process and appeared in this action. Defendant Jonathan Kreindler, formerly a rabbi at Pelican Bay State Prison, has not been served with process or appeared in this action.

After attempting service of process, the U.S. Marshal filed a "process receipt and return" form, indicating that Rabbi Kreindler could not be served at the only address provided, i.e., Pelican Bay State Prison. (Docket No. 9.) Specifically, the Marshal reported: "Deft. no longer employed @ CDCR - no new information. Unable to further endeavor." (*Id.*)

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Where a prisoner is proceeding *in forma pauperis* and must rely on the Marshal for service of process, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause' for

not effectuating timely service.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see e.g., id.* (district court did not err in dismissing defendant where plaintiff "did not prove that he provided the marshal with sufficient information to serve" this particular defendant or that he requested service).

Although it is the Marshal's duty to serve process when a prisoner-plaintiff is proceeding as a pauper, the Marshal's ability to do so depends on a plaintiff providing sufficient information about a defendant for the Marshal to find the defendant to serve him. Plaintiff has not provided sufficient information for the Marshal to serve process on Rabbi Kreindler.

Accordingly, no later than **November 10, 2017**, Plaintiff must provide a current address at which Rabbi Kreindler may be served with process. It is Plaintiff's obligation, not the Court's, to gather this information. In the alternative to providing the information, Plaintiff must show cause by that same deadline why he has not provided the information needed to locate the unserved Defendant and serve process on him. If Plaintiff fails to provide sufficient information to enable service of process to be accomplished, Rabbi Kreindler will be dismissed without prejudice unless Plaintiff shows cause for his failure to provide the information.

B. Request For Appointment Of Counsel

Plaintiff has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present in this action: Plaintiff was able to articulate clearly his religious-diet claim and there do not appear to be complex legal issues involved. The request for appointment of counsel is **DENIED**. (Docket No. 10.)

C. Scheduling

In light of the need to resolve the service of process problem for Rabbi Kreindler, the

Court now **VACATES** the briefing schedule for dispositive motions. Although several Defendants have appeared in this action, it is preferable to wait until Rabbi Kreindler has appeared or been dismissed to set a briefing schedule so that all Defendants can be on the same briefing schedule.

**IT IS SO ORDERED**.

Dated: September 26, 2017

_____
EDWARD M. CHEN
United States District Judge